WRITTEN RECORD OF PLEA AGREEMENT
U.S. MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA



CASE NO.: 18-04132MJ-001-PCT-DMF

UNITED STATES OF AMERICA v. **Wyatt Begaye**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 2 of the Complaint**, Assault By Striking, Beating, and Wounding (Domestic), in violation of 18 U.S.C. §§ 113(a)(4) and 7, a Class A Misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $100,000.00
MAXIMUM IMPRISONMENT (18 U.S.C. § 3581): One year
MAX. PROBATION/SUPERVISED RELEASE (18 U.S.C. §§ 3561, 3583): Five Years' Probation/One Year Supervised Release
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $25.00

**SENTENCING GUIDELINES RECOMMENDATIONS.** The parties recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following United States Sentencing Guidelines calculations:
    Total Offense Level: 7 (base) + 2 (injury) - 2 (acceptance) = 7
    U.S.S.G. § 2A2.3(a)(1)
    Criminal History Category: I
    Imprisonment Range: 0 to 6 months (statutory max. of 12 months)
    Supervised Release Range: 1 year
    Fine Range: $1,000.00 to $9,500.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence:**
The defendant shall be sentenced to three years of supervised probation. In addition to the mandatory and standard conditions of supervised release set forth in General Order 17-18, as well as any terms of supervised release that the Court deems appropriate, the defendant: (1) shall not purchase, possess, or consume any alcoholic beverages during the term of his supervised release; (2) shall attend and successfully complete a substance abuse evaluation/treatment program(s) at the direction/discretion of the supervised release (probation) officer; (3) shall attend programs on domestic abuse and/or anger management at the direction of his probation officer; (4) shall have no contact with C.R. unless permitted by the victim *and* with the consent of the defendant's probation officer; and (5) shall be banned from the Grand Canyon National Park, with the exception of traveling through the area on any federal, state or local roads. Fine, in addition to the mandatory special assessment of $25.00, in the discretion of the Court but capped at $1,000.00.

1

**RESTITUTION:** To be determined, if any, within 90 days.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentence are accepted by the Court, the United States Attorney's Office agrees: (1) dismiss Count 1 Criminal Complaint; and (2) not to file any additional charges concerning the conduct described in the probable cause statement supporting the Complaint in Case No. 18-04132MJ-001-PCT-DMF.

**VICTIM(S) INFORMED OF AGREEMENT:** ___Yes___

I, **Wyatt Begaye**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing

Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

[ ] **The parties request that a presentence investigation and report be conducted in this matter.**

[X] **The parties do not request that a presentence investigation and report be conducted in this matter. Pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the parties believe sufficient information exists in the record to enable that Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.**

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_Wyatt Begaye_      5/2/18
Wyatt Begaye      Date
Defendant

_[signature]_      5/2/18
Luke Mulligan, AFPD      Date
Attorney for Defendant

_[signature]_      5/2/18
Camille D. Bibles      Date
Assistant U.S. Attorney

_Deborah M. Fine_      5/2/18
Deborah M. Fine      Date
U.S. Magistrate Judge

✓ _____ ACCEPTED  _____ REJECTED